## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

### Case Number:

SCHEU & SCHEU, INC., d/b/a
APE

               Plaintiff

vs.

CASEY SCHEU, VERONICA SCHEU,
APE.COM, LLC. & NETWORK
SOLUTIONS, LLC

               Defendants
_____/

## COMPLAINT

## INTRODCUTION

This is an action for unfair competition under the Lanham Act-15 U.S.C. Sec. 1125(a), et. seq., trademark infringement under Florida common law, unfair competition under Florida common law, violation of the Anticybersquatting Consumer Protection Act - 15 U.S.C. Sec. 1125(d) et. seq., breach of fiduciary duty, conversion, intentional interference with advantageous business relations, civil conspiracy to intentionally interfere with advantageous business relations, breach of contract and negligence.

## THE PARTIES

1.    Plaintiff SCHEU & SCHUE, INC. d/b/a APE is a corporation organized under the laws of Florida, with its principal place of business located at 2 North Blackwater Lane, Key Largo, Florida 33037.

2.      Defendant CASEY SCHEU is an individual and former officer of Plaintiff SCHEU & SCHEU, INC. who resides within this District at 104 Point Pleasant Drive, Key Largo, Florida 33037. Defendant CASEY SCHEU is the husband of Defendant VERONICA SCHEU. Defendant CASEY SCHEU is also a managing member of Defendant APE.COM, LLC. As a managing member, Defendant CASEY SCHEU has the capacity to control and does control the acts of Defendant APE.COM, LLC; has the ability to supervise, and does in fact supervise, the acts of infringement and other acts and omissions alleged herein against Defendant APE.COM, LLC; has caused, and is a motivating force behind, the infringing activity and other acts and omissions set forth herein and has a financial interest in and actually participated in this infringing activity and other acts and omissions alleged.

3.      Defendant VERONICA SCHEU is an individual and former officer of Plaintiff SCHEU & SCHEU, INC. who resides within this District at 104 Point Pleasant Drive, Key Largo, Florida 33037. Defendant VERONICA SCHEU is the wife of Defendant CASEY SCHEU. Defendant VERONICA SCHEU is also a managing member of Defendant APE.COM, LLC. As a managing member, Defendant VERONICA SCHEU has the capacity to control and does control the acts of Defendant APE.COM, LLC; has the ability to supervise, and does in fact supervise the acts of infringement and other acts and omissions alleged herein against Defendant APE.COM, LLC; has caused, and is a motivating force behind, the infringing activity and other acts and omissions set forth herein  and has a financial interest in and actually participated in this infringing activity and other acts and omissions alleged.

4.      Defendant APE.COM, LLC. is a limited liability company organized under the laws of Florida, with its principal place of business located at 104 Point Pleasant Drive, Key Largo, Florida 33037.

5.     Defendant NETWORK SOLUTIONS, LLC is a Foreign Limited Liability Company organized under the laws of the state of Delaware but authorized to do business in the State of Florida, and, in fact, is doing business in this state with a principal place of business in this state of 12808 Gran Bay Parkway West, Jacksonville, Florida 32258. Since at least 2001, Defendant NETWORK SOLUTIONS, LLC has served (and continues to serve) as the Registrar of the domain name "ape.com" the rights to which domain name are owned by Plaintiff SCHEU & SCHEU, INC., but which domain name is currently unlawfully registered to Defendant APE.COM, LLC.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under Title 28 U.S.C. Sec. 1331 and 1338 because this complaint alleges violations of Federal Law under the Lanham Act.

7.     This Court's jurisdiction over Plaintiff's state law claims is further supported by Supplemental Jurisdiction as set forth in Title 28 U.S.C. Sec. 1367.

8.     Venue is proper in this Court pursuant to Title 28 U.S.C. Sec. 1391(b) because a substantial part of the events or omissions giving rise to this action occurred, and are continuing to occur within this District.

## FACTS COMMON TO ALL COUNTS

9.     Plaintiff SCHEU & SCHEU, INC. has been in the business of circuit board repair and related services, including, but not limited to, the sale of machinery and parts utilized in such repair, since 1977 under the trade names and marks "APE" and "A.P.E".  In addition, since at least 1991, Plaintiff SCHEU & SCHEU, INC. has also utilized the names and marks "ape.com" and "APE.com" to designate its products and services and to distinguish its products and services from others.

3

10.     Plaintiff SCHEU & SCHEU, INC. is, and has been for many years, a well-known provider of such products and services under such marks and has conducted substantial advertising and promotion of such marks. As a result, Plaintiff's marks have become famous and distinctive with the relevant purchasing public and are recognized as identifying Plaintiff's high quality products and services. Plaintiff's marks and the goodwill associated therewith are valuable assets of Plaintiff.

11.     Plaintiff SCHEU & SCHEU, INC. was the first to make a bona fide use of "APE", "A.P.E.", "ape.com" and "APE.com" among the Defendants hereto in connection with the offering of products and services to the general public.

12.     Defendant CASEY SCHEU was employed by and served as an Executive Officer and Vice-President, Administration of Plaintiff SCHEU & SCHEU, INC from 2000 to 2007. Defendant CASEY SCHEU was employed by and served as President of Plaintiff SCHEU & SCHEU, INC. from 2007 until June 1, 2015 at which time he voluntarily left the employment of the company.

13.     Defendant VERONICA SCHEU was employed by and served as Chief Financial Officer of Plaintiff SCHEU & SCHEU, INC from 2000 to 2007.  Defendant VERONICA SCHEU was employed by and served as Vice-President  of Plaintiff SCHEU & SCHEU, INC. from 2007 until 2013. From 2013 until June 1, 2015 when she voluntarily left her employment with the company, Defendant VERONICA SCHEU was employed by Plaintiff SCHEU & SCHEU, INC. as Chief Financial Officer.

14.     Plaintiff SCHEU & SCHEU, INC. purchased the domain name APE.com from Mr. Bill Schrik in 2001.

15.     On or about July 20, 2001 the domain name APE.com was registered with Defendant NETWORK SOLUTIONS, LLC by the registrant and owner, Plaintiff SCHEU & SCHEU, INC.

16.     On or about December 22, 2010, Defendant CASEY SCHEU, on behalf of Plaintiff SCHEU & SCHEU, INC., renewed the registration of the domain name APE.com with Defendant NETWORK SOLUTIONS, LLC for a period of twenty years using Plaintiff SCHEU & SCHEU, INC.'S credit card.

17.     On or about January 27, 2011, Defendants VERONICA SCHEU & CASEY SCHEU formed and incorporated Defendant APE.COM, LLC in the state of Florida. Defendant APE.COM, LLC was formed and incorporated in secret and without the knowledge, permission or consent of Plaintiff SCHEU & SCHEU, INC's shareholders and other officers and in violation of Defendant CASEY SCHEU'S and Defendant VERONICA SCHEU'S fiduciary obligations to Plaintiff SCHEU & SCHEU, INC. as officers of such Company.

18.     On May 4, 2012 Defendant CASEY SCHEU, with the knowledge and acquiescence of Defendant VERONICA SCHEU, changed the account holder of the domain name APE.com from Plaintiff SCHEU & SCHEU, INC. to Defendant APE.COM, LLC. Said change in account holder status was done secretly and without the knowledge, permission or consent of Plaintiff SCHEU & SCHEU, INC's shareholders and other officers and in violation of Defendant CASEY SCHEU'S and Defendant VERONICA SCHEU'S fiduciary obligations to Plaintiff SCHEU & SCHEU, INC. as officers of such Company.

19.     The formation of Defendant APE.COM, LLC and the change in the account holder status of the domain name APE.com from Plaintiff SCHEU & SCHEU, INC. to Defendant APE.COM, LLC was done in furtherance of a fraudulent scheme and conspiracy between Defendants CASEY SCHEU and VERONICA SCHEU to intentionally and maliciously interfere with

advantageous business relationships between Plaintiff SCHEU & SCHEU, INC. and its customers, both actual and potential in order to unfairly compete with Plaintiff. Specifically, Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC have used, and are currently using, their unlawful control over the domain name APE.com. and its derivate names, including, but not limited to, apecart.com; apebasket.com; ape.navy; casey@ape.com; veronica@ape.com; reddust@ape.com; to divert customer orders and inquiries intended for SCHEU and SCHEU, INC. to Defendant APE.COM, LLC. and to intentionally divert funds belonging to Plaintiff SCHEU & SCHEU, INC. into a bank account controlled by Defendant APE.COM, LLC.

20.     Moreover, while an officer of, and under a fiduciary duty to Plaintiff SCHEU & SCHEU, INC., and without Plaintiff SCHEU & SCHEU, INC.'s knowledge, permission or consent, Defendant CASEY SCHEU held himself out as "CFO" of an entity known as SiMia Federal Services. SiMia Federal Services is a fictitious name owned and used by Defendant APE.COM, LLC.

21.     Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC., by and through their use of SiMia Federal Services and SiMia Federal Services use of the same physical address for SiMia Federal Services as Plaintiff SCHEU & SCHEU, INC. and the use  by SiMia Federal Services of Plaintiff SCHEU & SCHEU, INC.'s GSA contracting number, among other means, have attempted to convince current and prospective customers of Plaintiff SCHEU and SCHEU, INC that there is a relationship between SiMia Federal Services and APE or APE.com as well as a relationship between SiMia Federal Services and Plaintiff SCHEU & SCHEU, INC. thereby intentionally causing confusion among Plaintiff SCHEU & SCHEU, INC.'s customers as to the source and origin of goods and services sold.

22.     In further pursuit of their efforts to unfairly compete with Plaintiff SCHEU & SCHEU, INC. and to intentionally and maliciously interfere with the advantageous business relationships between Plaintiff  SCHEU & SCHEU, INC. and its customers, both actual and potential, and to intentionally cause confusion among Plaintiff SCHEU & SCHEU, INC.'s customers as to the source and origin of goods and services sold, Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC have developed and operated, and are currently operating, a website designated as "SiMia.Navy." On their website, Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC are improperly, and without any authorization whatsoever, using (and have used)  Plaintiff SCHEU & SCHEU, INC.'s domain name, trademark, product descriptions, product part numbers and other information used by Plaintiff SCHEU and SCHEU, INC. on Plaintiff's website in pursuit of Defendants scheme to interfere with Plaintiff's advantageous business relations with its customers.

23.     On July 15, 2015, Plaintiff SCHEU AND SCHEU, INC. sent Cease and Desist letters to Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC demanding that they each cease and desist from engaging in the acts and omissions described herein and further demanding complete and unfettered access to and control over Plaintiff SCHEU AND SCHEU, INC's.  domain name and its derivatives. No response has been received from Defendants to date.

24.     Plaintiff has hired the undersigned attorneys and has agreed to pay them a reasonable fee for their services to bring this action.

### COUNT I

**Unfair Competition Under Lanham Act-15 U.S.C. Sec. 1125(a) et. seq. By Defendants Casey Scheu, Veronica Scheu and APE.COM, LLC.**

25.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26.     Defendants are willfully and maliciously using Plaintiff's APE Trademark and Plaintiff's domain name APE.com in connection with the business of circuit board repair and related services, including, but not limited to, the sale of machinery and parts utilized in such repair, with the intention of deceiving and confusing the public into believing that Defendants' products and/or services have been authorized  or sponsored by Plaintiff.

27.     The public and/or any consumer of Plaintiff's products and/or services that utilizes Plaintiff's domain name and/or that views Defendants' website would likely purchase Defendants' products and/or services based on the misrepresentation that Defendants are somehow affiliated with Plaintiff.

28.     Defendants' acts are likely to cause confusion, mistake, or deception as to the origin, connection, association, sponsorship, or approval of Defendants and Defendants' products and/or services by or with Plaintiff and Plaintiff's products and/or services, and thus constitute false designations of origin in violation of 15 U.S.C. Sec. 1125(a)(1)(A).

29.     As a direct and proximate result of Defendants' Unfair Competition, Plaintiff has suffered, and will continue to suffer, monetary damages in excess of $15,000 and irreparable harm.

30.     The conduct of Defendants in infringing upon Plaintiff's trademarks was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for

Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

31.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

### COUNT II

**Trademark Infringement Under Florida Common Law By Defendants Casey Scheu, Veronica Scheu and APE.Com, LLC.**

32.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

33.     Defendants  CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC have used in connection with the sale of goods and services a term or name that is false and misleading and likely to cause confusion or cause mistake or deceive the public as to the affiliation, connection or association of  these Defendants with Plaintiff SCHEU & SCHEU, INC. as to the origin, sponsorship or approval of its services or commercial activities in violation of common law.

34.     Plaintiff SCHEU & SCHEU, INC. owns and enjoys common law trademark rights in the marks "APE" "A.P.E.", "ape.com" and "APE.COM" in Florida and elsewhere in conjunction with, *inter alia*, the business of circuit board repair and related services, including, but not limited to, the sale of machinery and parts utilized in such repair, which rights are superior to any rights that Defendants may claim in and/or to said trademarks.

35.     The use of the aforesaid Marks by Defendants is likely to cause and has caused confusion as to the source of their services in that consumers thereof will be likely to associate or have associated such services as originating with Plaintiff SCHEU & SCHEU, INC.

36.     Defendants' acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and create the impression that Plaintiff is an infringer when in fact Defendants are the infringers.

37.     Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff and, unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury. Further, as a direct and proximate result of Defendants' acts as aforedescribed , Plaintiff has suffered, and will continue to suffer, monetary damages in excess of $15,000 and irreparable harm.

38.     The conduct of Defendants in infringing upon Plaintiff's trademarks was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

39.     Plaintiff has no adequate remedy at law.

        WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT III

**Unfair Competition Under Florida Common Law By Defendants Casey Scheu, Veronica Scheu and APE.Com, LLC.**

40.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

41.     Plaintiff first adopted and used Plaintiff's Marks ("APE" and "APE.COM") in its market or trade area, as a means of establishing good will and reputation and to describe, identify or

denominate particular products and services rendered or offered by Plaintiff and to distinguish them from similar products and services rendered or offered by others.

42.     Through its association with such products and services, Plaintiff's Marks have acquired a special significance as the name of the products and services rendered by Plaintiff in its trade area because Plaintiff's Marks have, by actual usage, acquired in Plaintiff's trade area, a secondary, special or trade meaning as indicating, describing, identifying or denominating the Plaintiff as the source of the products and services.

43.     Defendants have commenced the use of identical or confusingly similar trademarks to indicate or identify the identical or similar products and services rendered by it in competition with Plaintiff in the same trade area in which Plaintiff has already established its trademarks.

44.     The acts of Defendants in intentionally converting Plaintiff's domain name to their own use and Defendants' use of a website featuring Plaintiff's products, Plaintiff's part numbers assigned to such products and Plaintiff's descriptions of such products, was done fraudulently and such acts are likely to cause consumer confusion as to the source and sponsorship of Defendants' products and services.

45.     As a direct and proximate result of Defendants' acts as aforedescribed, Plaintiff has suffered, and will continue to suffer, monetary damages in excess of $15,000 and irreparable harm.

46.     The conduct of Defendants in unfairly competing with Plaintiff was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As

a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

47.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT IV

**Violation of The Anticybersquatting Consumer Protection Act - 15 U.S.C. Sec. 1125(d) et. seq.- as to All Defendants**

48.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

49.     Plaintiff SCHEU & SCHEU, INC. is the lawful owner of the marks "APE", "A.P.E.", "ape.com" and "APE.com" which marks are entitled to protection. Plaintiff's rights to and interest in such marks are superior to any right or interest in such marks by Defendants hereto.

50.     Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC each acted with a bad faith intent to profit from Plaintiff's marks "APE" and "APE.com" by registering, trafficking in and otherwise using a domain name, to wit "APE.com," which domain name is identical or confusingly similar to a Plaintiff's mark that was distinctive at the time the domain name "APE.com" was registered by Defendants.

51.     Plaintiff has demanded all Defendants deregister the domain name "APE.com" and all its derivatives, including, but not limited to, apecart.com; apebasket.com; ape.navy; casey@ape.com; veronica@ape.com and reddust@ape.com from Defendants control and to reregister such domain name in the name of Plaintiff SCHEU & SCHEU, INC. as the rightful owner of such domain name. To date, Defendants have failed and refused to do so.

52.      As a direct and proximate result of Defendants' acts and failures to act as aforedescribed, Plaintiff has suffered, and will continue to suffer, monetary damages in excess of $15,000 and irreparable harm.

53.      The conduct of Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

54.      Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## <u>COUNT V</u>

**Breach of Fiduciary Duty As To Defendants Casey Scheu And Veronica Scheu**

55.      Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

56.      As officers of Plaintiff SCHEU & SCHEU, INC., Defendants CASEY SCHEU and VERONICA SCHEU owed Plaintiff and its shareholders a fiduciary duty to act in good faith and in the best interests of Plaintiff and to avoid self-dealing.

57.      Defendants CASEY SCHEU AND VERONICA SCHEU, while servicing as officers of Plaintiff SCHEU & SCHEU, INC., breached their respective fiduciary duties owed to Plaintiff by, among other things:

a.      Unilaterally, fraudulently and without Plaintiff's authorization or permission, changing the account holder status of Plaintiff's domain name from Plaintiff to Defendant

APE.COM, LLC, a corporation formed, owned and controlled by Defendants CASEY SCHEU and VERONICA SCHEU;

b.      Diverting business opportunities belonging to Plaintiff SCHEU & SCHEU, INC. to Defendant APE.COM, LLC;

c.      Falsely and fraudulently representing to Plaintiff's customers that there was a relationship between Plaintiff SCHEU & SCHEU, INC. and Defendant APE.COM, LLC;

d.      Intentionally and fraudulently converting funds belonging to Plaintiff SCHEU & SCHEU, INC. and depositing same in an account controlled by Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC.

e.      Fraudulently converting Plaintiff SCHEU & SCHEU, INC.'s build materials, schematics, engineering drawings and other technical and proprietary documents in an effort to produce identical equipment as being produced by Plaintiff.

58.    As a direct and proximate result of Defendants' breach of their fiduciary duties as described above, Plaintiff has been caused to suffer monetary damages in excess of $15,000.

59.    The conduct of Defendants in the breach of their fiduciary duties owed to Plaintiff was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

        WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT VI

**Conversion As To Defendants Casey Scheu and Veronica Scheu**

60.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

61.     Between 2006 and to date, Defendants CASEY SCHEU and VERONICA SCHEU have converted to their own use property that was at the time of such conversions the property of Plaintiff, to wit:

a.      Build of materials, engineering drawings and schematics necessary to manufacture Plaintiff's products;

b.      One or more of Plaintiff's machines that was (were) to be offered for sale to the general public, and parts and components necessary for the manufacture of such machines;

c.      Currently unknown products purchased by Defendants for their personal use using Plaintiff's business credit cards and

d.      Plaintiff's domain name "APE.com" and its derivatives, including, but not limited to, apecart.com; apebasket.com; ape.navy; casey@ape.com; veronica@ape.com; reddust@ape.com.

e.      The sum of $23,375.81 deposited into an account controlled by Defendants from the unlawful sale of one of Plaintiff's machines to Linear Technology.

62.     The value of such property converted by Defendants was in excess of $15,000.00.

63.     As a direct and proximate result of Defendants' conversion as described above, Plaintiff has been caused to suffer monetary damages in an amount to be proven at trial.

64.     The conduct of Defendants in the conversion of Plaintiff's property as described above was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT VII

### Intentional Interference With Advantageous Business Relations By Defendants Casey Scheu and Veronica Scheu

65.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 as if fully set forth herein.

66.     At all times pertinent hereto, Plaintiff SCHEU & SCHEU, INC. enjoyed many advantageous  business relationships with long standing customers for its products and services.

67.     As officers of Plaintiff, Defendants CASEY SCHEU and VERONICA SCHEU were, and are, well aware of the existence of such relationships and their worth to Plaintiff.

68.     Defendants have intentionally and unjustifiably interfered with such relationships by, among other things:

   a.     Converting Plaintiff's domain name to their own use;

   b.     Forming Defendant APE.COM, LLC to unlawfully compete with Plaintiff;

   c.     By  using, their control over the domain name APE.com. and its derivate names, including, but not limited to, apecart.com; apebasket.com; ape.navy; casey@ape.com; veronica@ape.com; reddust@ape.com; to divert customer orders and inquiries intended for Plaintiff SCHEU and SCHEU, INC. to

DEFENDANT APE.COM, LLC. and to intentionally divert

funds belonging to Plaintiff SCHEU & SCHEU, INC. into a bank

account controlled by Defendant APE.COM, LLC;  and

d.      By operating, a website designated as "SiMia.Navy" in a manner previously

described to intentionally cause confusion among Plaintiff SCHEU & SCHEU,

INC.'s customers as to the source and origin of goods and services sold.

69.      As a direct and proximate result of Defendants' interference with advantageous business relationships as described above, Plaintiff has been caused to suffer monetary damages in excess of $15,000.

70.      The conduct of Defendants as described above was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## <u>COUNT VIII</u>

**Civil Conspiracy To Intentionally Interfere With Advantageous Business Relations By Defendants Casey Scheu and Veronica Scheu**

71.      Plaintiff incorporates the allegations of Paragraphs 1 through 24 and 66 through 68, above as if fully set forth herein.

72.      Defendant CASEY SCHEU entered into an agreement and/or understanding, and otherwise conspired with Defendant VERONICA SCHEU and others as yet unnamed to tortuously interfere with Plaintiff's business.

73.    In furtherance of the conspiracy, Defendants CASEY SCHEU and VERONICA SCHEU committed the acts described  in COUNT VII, above and further fraudulently concealed from Plaintiff material facts regarding their actions that were introduced to deceive and defraud Plaintiff.

74.    As a direct and proximate result of Defendant CASEY SCHEU'S and VERONICA SCHEU'S tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff has suffered substantial damages in excess of $15,000.00.

75.    The conduct of Defendants as described above was and is intentional, willful, and calculated to cause damage to Plaintiff's lawful business. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiff, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions. As a result, an award of punitive damages and reasonable attorney's fees against Defendants is warranted.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT IX

**Breach of Contract As To Defendant Network Solutions, LLC**

76.    Plaintiff incorporates the allegations of Paragraphs 1 through 24 above as if fully set forth herein.

77.    In approximately 2001, Defendant NETWORK SOLUTIONS, LLC and Plaintiff SCHEU & SCHEU, INC. entered into an agreement whereby for a fee paid by Plaintiff SCHUE & SCHEU, INC., Defendant NETWORK SOLUTIONS, LLC agreed to act as the registrar for Plaintiff SCHEU & SCHEU, INC.'s domain name, to wit: "APE.com." As part of such agreement, Defendant NETWORK SOLUTIONS, INC further agreed to protect such domain

name from unauthorized access, manipulation and use by those not authorized by Plaintiff SCHEU & SCHEU, INC. to do so.

78.     On May 4, 2012, Defendant NETWORK SOLUTIONS, LLC breached the aforesaid agreement by allowing Defendant CASEY SCHEU to unilaterally and fraudulently change the account holder of Plaintiff's domain name from Plaintiff to Defendant APE.COM, LLC without requiring any verification from Plaintiff SCHEU & SCHEU, INC. in the form of a corporate resolution or otherwise.

79.     As a direct and proximate result of Defendant NETWORK SOLUTIONS, LLC's breach of its agreement with Plaintiff, Plaintiff has been caused to suffer monetary damages in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT X

### Negligence As to Defendant Network Solutions, LLC.

80.     Plaintiff incorporates the allegations of Paragraphs 1 through 24 above as if fully set forth herein.

81.     At all times material hereto, Defendant NETWORK SOLUTIONS, INC. owed Plaintiff SCHEU & SCHEU, INC., an account holder, a duty to maintain Plaintiff's account and the domain name registered therein in a reasonably safe and secure manner so as to protect such account and domain name from unlawful conversion.

82.     Defendant NETWORK SOLUTIONS, LLC was negligent and breached its duty of care owed to Plaintiff by failing to maintain and protect Plaintiff's account and the domain name therein in a manner sufficient to prevent Defendant CASEY SCHEU from unilaterally, and without any authorization or permission from Plaintiff, changing the account holder status from

Plaintiff SCHEU and SCHEU, INC. to Defendant APE.COM, LLC, a corporation formed and controlled by Defendant CASEY SCHEU.

83.     The conversion of Plaintiff's account and domain name as aforedescribed was reasonably foreseeable to Defendant NETWORK SOLUTIONS, LLC.

84.     As a direct and proximate result of Defendant NETWORK SOLUTIONS, LLC's negligence as described herein, Plaintiff SCHEU & SCHEU, INC. was caused to suffer damages in excess of $15,000.

85.     WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## JURY TRIAL DEMAND

Plaintiff SCHEU & SCHEU, INC. respectfully demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SCHEU & SCHEU, INC. prays that this Court enter judgment in Plaintiff's favor on the claims set forth above and award Plaintiff SCHEU & SCHEU, INC. the following relief:

a.      That this Court will adjudge that Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC have competed unfairly with Plaintiff in violation of Plaintiff's rights;

b.      That this Court will adjudge that Plaintiff's Marks have been infringed, as a direct and proximate result of the willful and malicious acts of Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC as set forth in this Complaint, including Defendants' use of the Accused Marks in violation of Plaintiff's rights.

c.      That Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all

persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

(1)     From using Plaintiffs' Marks, the Accused Marks, any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized products or services;

(2)     From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized products or services of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the products and/or services of Plaintiff are inferior to, copies of, infringing of or imitations of the products or services of Defendants, or that Defendants' products or services are the first or original such products or services.

(3)     Form infringing, or contributing to the infringement of, the Plaintiff's Marks.

(4)     From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC and Plaintiff SCHEU & SCHEU, INC., or their respective products or services; and

(5)     From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, vendors, and/or members of the purchasing public to believe that Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated

with Defendants or infringing upon any mark of Defendants in the use of Plaintiff's Marks and that the Defendants be prohibited from any and all use of the "APE" and "APE.COM" Marks

d.      That Defendant NETWORK SOLUTIONS, LLC and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained from refusing to transfer complete and unfettered ownership and exclusive control of the domain name APE.com to Plaintiff SCHEU & SCHEU, INC.

e.      That Plaintiff SCHEU & SCHEU, INC. have and recover Defendants CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC's profits and the damages of Plaintiff, in an amount to be trebled, arising from Defendants intentional, fraudulent and malicious acts.

f.      That  Plaintiff have and recover such sums as are necessary to place or compensate for corrective advertising.

g.      That Plaintive have and recover its actual monetary damages from Defendants.

h.      That Plaintiff have and recover, pursuant to the laws of the State of Florida, and common law, in addition to its actual damages, punitive damages in an amount which the Court deems just and proper.

i.      That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

j.      That Plaintiff have and recover its reasonable attorney fees incurred in this action.

k.      That Plaintiff have and recover its taxable costs and disbursements herein and

l.      That Plaintiff have and recover such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 11th day of August, 2015.

By:  /s/ *Eric D. Griffin, Jr., Esq.*
Eric D. Griffin, Jr., Esq.
Florida Bar No. 0470864
egriffin@griffinserrano.com
GRIFFIN, SERRANO &
EWING, P.A.
89240 Overseas Highway
Suite 6
Tavernier, Florida 33070
Tel: 305.852.5500
Fax: 305.852.5300
Attorneys For Plaintiff Scheu &
Scheu, Inc.