UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: 15-10147-CIV-MARTINEZ-GOODMAN

SCHEU & SCHEU, INC. d/b/a
APE,

    *Plaintiff,*

vs.

CASEY SCHEU, VERONICA SCHEU,
APE.COM, LLC. & NETWORK
SOLUTIONS, LLC,

    *Defendants.*
_____/

### DEFENDANTS, CASEY SCHEU, VERONICA SCHEU AND APE.COM, LLC'S, MOTION IN LIMINE REGARDING EVIDENCE OF DAMAGES NOT PRODUCED TIMELY DURING DISCOVERY

    COME NOW, the Defendants, CASEY SCHEU, VERONICA SCHEU and APE.COM, LLC (collectively referred to herein as the "Defendants"), by and through undersigned counsel, and pursuant to this Court's Order Setting Trial and Pretrial Schedule and Requiring Mediation [DE40] and Local Rule 7.1, hereby file this Motion in Limine requesting this Court to preclude Plaintiff Scheu & Scheu, Inc. from making any reference to, or introducing any evidence of, certain matters at trial regarding damages which were not produced timely during discovery. The grounds for this motion are set forth below.

### INTRODUCTION

    1.    Pursuant to this Court's Order Specially Setting Civil Jury Trial and Pretrial Schedule and Requiring Mediation [DE40], all discovery was to be completed by April 25, 2017.

2. The trial is scheduled to commence on July 24, 2017 in this matter.

3. As of the date of filing of the instant motion, Defendant has virtually been denied discovery regarding damages. The history of discovery efforts by the Defendant and Plaintiff's responses are set forth below.

4. On February 17, 2016, Defendant Casey Scheu served a First Set of Interrogatories on Plaintiff. [DE60]. Notably, Interrogatory No. 4 stated:

> 4. For each of the Counts or Causes of Action alleged in your Complaint, state the amount of damages you claimed to have suffered in connection with the each of such Causes of Action or Counts.
>
> ANSWER:

5. On March 24, 2016, Plaintiff served Responses to First Set of Interrogatories. [DE60]. In response to Interrogatory No. 4, Plaintiff stated as follows:

> 4. For each of the Counts or Causes of Action alleged in your Complaint, state the amount of damages you claimed to have suffered in connection with each of such Causes of Action or Counts.
>
> ANSWER:
>
> A calculation of the amount of damages claimed depends on a full and complete response of Defendants to Plaintiff's outstanding discovery.

6. Further, on February 17, 2016, Defendant Casey Scheu served a First Request for Production. [DE90]. Request Nos. 8, 16 and 32, relate to Plaintiff's alleged damages and the purported proof in support of same.

7.     On March 24, 2016, Plaintiff served Responses to First Request for Production. [DE91]. In response to Request Nos. 8, 16, and 32, Plaintiff stated as follows:

> Any documents responsive to this request in the possession, custody or control of Plaintiff will be produced as they are currently kept in the usual course of business of Plaintiff at the offices of Plaintiff at a mutually convenient date and time.

8.     Following the filing of the response, Plaintiff then produced a folder titled "damages" containing no meaningful documentary evidence concerning the quantum of alleged damages.

9.     On March 20, 2017, Barbara Scheu was deposed as Corporate Representative of Plaintiff Scheu & Scheu, Inc. The noticed areas of examination included damages.

10.     During such deposition, a significant dialogue occurred regarding damages. *Pertinent Pages of Barbara Scheu's Deposition Transcript are attached hereto as **Composite Exhibit "A."*** When asked about damages, the following information was provided:

a.     When first asked about damages, Barbara Scheu stated "That's going to be an Ian question" (B. Scheu Dep. 147:24-26, March 20, 2017; [DE58]).

b.     After a recess with her attorney, Barbara Scheu made the following statements:

i.     "I don't have a definitive number. It is a number we have been working on but we do have a general number. I've been working with Kathy Cester in New York, working with Ian so we don't have a definitive number but we definitely have some numbers" (B. Scheu Dep. 148:17-21, March 20, 2017; [DE58]).

   ii. "Think that we are probably looking somewhere around 900 to a million dollars" (B. Scheu Dep. 148:24-25, March 20, 2017; [DE58]).

   iii. "Again this is a work in progress. You asked me for what numbers do we have at this point in time. I gave you a number that we think we can substantiate" (B. Scheu Dep. 151:5-7, March 20, 2017; [DE58]).

 c. Her attorney, Gary Carman, made the following statements and representations:

   i. "We do have preliminary numbers, that are not final, given to us by the accountant as recently as Friday. I haven't had a chance to study them or I would have just given them to you" (B. Scheu Dep. 151:14-18, March 20, 2017; [DE58]);

   ii. "I think Ian will know about some of these as well. All we have so far are basically sales by customer summaries and some details that have been put together with customer names she has been able to get together through her people. They are not final yet" (B. Scheu Dep. 152:1-6, March 20, 2017; [DE58]);

   iii. In response to a question by Yagel about whether Ian Scheu is going to be able to testify about the methodology at which these numbers were created, Mr. Carman stated: "Yeah, here is the best way to answer that. Ian should be able to testify as

to what the numbers are; however, the actual parties putting them together would basically be Nancy Brown who would be the one that would give you some of that information, what she looked at, how she compiled it." (B. Scheu Dep. 152:20-25, March 20, 2017; [DE58]).

    d.    On March 22, 2017, the deposition of Ian Scheu but was taken but not concluded.

11.    As a result of the dialogue concerning damages, on March 23, 2017, Defendants served a Second Request for Production to Plaintiff [DE92] seeking documents related to damages.  Responses to same were due on or before April 22, 2017, prior to the discovery cutoff of April 25, 2017.

12.    Of particular importance, Request No. Twenty-One (21) requested that Plaintiff produce "all drafts of damage reports or calculations, including those referenced in the deposition of Barbara Scheu," and Request No. Twenty-Two (22) requested that Plaintiff produce "Final damage reports and calculations."

13.    On April 27, 2017, Plaintiff filed an untimely Motion for Enlargement of Time to Response to Defendants' Second Request for Production.  [DE64].  The Motion was denied. [DE67].

14.    On May 8, 2017, Plaintiff filed untimely Responses to the Second Request for Production in violation of this Court's Order [DE92] which included a multitude of objections, all or most of which had been waived by the untimely filing of the response.  Of particular importance, Plaintiff asserted work product privilege in response to Request No. Twenty-One

(21), notwithstanding the prior representation that same would be provided subsequent to the deposition of Barbara Scheu.

15. In response to Request No. Twenty-Two (22) of the Request for Production which sought "final damage reports and calculations", Plaintiff stated:

> **RESPONSE**: *These documents are still in the process of being finalized.* However, all documents in Plaintiff's possession responsive to this request that are not privileged will be produced.

16. Thereafter, on May 18, 2017, Plaintiff produced approximately sixteen hundred pages of uncatalogued documents and simultaneously filed a notification with the court of providing responses to the Defendants' Second Request for Production [DE77], thereby confirming the untimely response.

17. The documents produced in response to the Defendants' Second Request for Production did not include any damage reports or calculations and also did not include documents responsive to requests which should have been produced.[1]

18. After much wrangling over the availability of the parties, the witnesses and their counsel, including several notices and re-notices of depositions, Ian Scheu was produced for his continued deposition on June 14, 2017, and Defendant was advised that Nancy Brown would appear for deposition on June 15, 2017.

19. During the continued deposition of Ian Scheu, as Corporate Representative, the following exchange took place with regard to damages:

---

[1] As an example, in his deposition Ian Scheu testified he had back-ups of Quick Books files, and the request for production sought a copy of the last back-up file made before June 1, 2015 of the Company Quick Books file. In the response, Plaintiff said all documents responsive would be produced, but no Quick Books file was produced.

```
18      Q.   With respect to the lawsuit in Count I you allege a
19   claim for unfair competition under the Lanham Act - 15 U.S.C.
20   Section 1125(a) et. seq. by defendants Casey Scheu, Veronica
21   Scheu and APE.com, LLC.  What is the amount of damages that the
22   plaintiff is claiming for the alleged violation set forth in
23   Count I?
24           MR. CARMAN:  Objection to form.  You can answer.
25      A.   I do not have that number right at this moment.

 1      Q.   Why?
 2      A.   Because I don't have it.
 3      Q.   So you don't know?
 4      A.   I didn't say that I don't know.  I said that I don't
 5   have a specific number.
 6      Q.   Who has that number?
 7      A.   That would have to rely upon the expert witnesses and
 8   those who determine those numbers.
 9      Q.   Who is that?
10      A.   That would be Nancy Brown.
11      Q.   So Nancy Brown would be an expert witness in this
12   case?
13      A.   She is listed as.
```

(I.Scheu Dep. 170-171:19-25, 1-13, June 14, 2017; [DE89]).[2]

---

[2] At no time has Plaintiff disclosed Nancy Brown as an expert witness, and the deadline to do so was March 6, 2017.

20. Mr. Scheu was further asked if the foregoing response was the same, as for Count I, for all counts directed at these Defendants set forth in the complaint. He testified in sum as follows:

a. The amount of claimed damages for Count II Trademark Infringement Under Florida Common Law "is still being calculated to [his] knowledge." (I.Scheu Dep. 172-173: 23-25, 1-5, June 14, 2017; [DE89]).

b. The amount of claimed damages for Count III Unfair Competition Under Florida Common Law "is being calculated as well." (I.Scheu Dep. 173:6-11, June 14, 2017; [DE89]).

c. The amount of claimed damages for Count IV Violation of the Anticybersquatting Consumer Protection Act "are still being calculated." (I.Scheu Dep. 173:14-18, June 14, 2017; [DE89]).

d. The amount of claimed damages for Count V Breach of Fiduciary Duty "are still being calculated." (I.Scheu Dep. 173-174:19-25, June 14, 2017; [DE89]).

e. Plaintiff does not have an exact number for the amount of claimed damages for Count VI Conversion. (I.Scheu Dep. 176:13-18, June 14, 2017; [DE89]).

f. The amount of claimed damages for Count VII, Intentional Interference with Advantageous Business Relations "is still being calculated". (I.Scheu Dep. 173:14-18, June 14, 2017; [DE89]).

g.      The amount of claimed damages for Count VIII Civil Conspiracy to Intentionally Interfere with Advantageous Business Relations is "being calculated." (I.Scheu Dep. 178:9-14, June 14, 2017; [DE89]).

21.    In the afternoon of June 14, 2017, after the conclusion of the deposition of Ian Scheu, for the first time, and notwithstanding the prior assertion that drafts were privileged work product, Defendants were provided two (2) worksheets, prepared by CPA Nancy Brown, and told that Plaintiff would allow a limited deposition of a corporate representative to address the damages issue. *See **Exhibit "B"** attached hereto.*

*22.*    Following this proffer, on June 15, 2017, counsel for Plaintiff advised defense counsel that Nancy Brown would not have "final numbers" at her deposition scheduled for the following day, June 16, 2017, and further advised she could be available the following week to testify.  Accordingly, Defendants cancelled the deposition and re-noticed the deposition of Nancy Brown for June 22, 2017.  *See **Composite Exhibit "C"** attached hereto.*

23.    One (1) hour prior to the re-scheduled deposition of Nancy Brown on June 22, 2017, undersigned was informed that neither the deponent nor counsel for Plaintiff would be attending the deposition based upon an emergency situation.  *See **Composite Exhibit "D"** attached hereto.*  Though undersigned does not question the veracity of counsel for Plaintiff's representation, undersigned mentions same to confirm that, to date, Defendants' have been unable to elicit any testimony from Plaintiff and/or witnesses listed by Plaintiff, as to damages.

24.    Most recently, Plaintiff failed to produce "an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises" as required by Federal Rule of

Civil Procedure 26(a)(3)(A)(iii) and Local Rule 16.1(d), S.D. Fla. L. R., thirty (30) days prior to Trial.

25. At no point in time has Plaintiff filed a supplemental response to an interrogatory request, request for production, or request for admission relating to damages as governed by Fed. R. Civ. Pro. 26(e).

26. In sum, as of the date of filing this motion, and with only three (3) weeks prior to the beginning of trial, Plaintiff Scheu & Scheu, Inc., has failed to timely provide any meaningful and specific evidence of damages or the methodology as to how the claimed damages were calculated.

## MEMORANDUM OF LAW

Rule 26(a) and (e), Fed. R. Civ. Pro., Local Rule 16, and this Honorable Court's Trial Order, govern the disclosure requirements for both witnesses and information. The disclosure requirements are not optional, and Rule 37(c), Fed. R. Civ. Pro. Provides as follows:

> (c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.
>
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

The courts have held that the failure to timely disclose documents warrants that their admission into evidence be excluded from trial. *Hancock v. Hobbs*, 967 F. 2d 462, 468 (11th Cir.

1992); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos*. 803 F. 2d 1160, 1163 (11th Cir. 1986). A motion in limine is the proper procedural vehicle to seek the exclusion of evidence that is inadmissible for any purpose. *Mattenson v. Baxter Healthcare Corp.,* 2003 WL 22514303, *1 (N.D. Ill. Nov. 5, 2003).

Speaking directly to the issue is the case of *Richmond v. General Nutrition Centers, Inc.*, 2012 WL 762307 (S.D. New York 2012), which addressed three (3) motions in limine filed by the defendants; one of which sought to preclude the plaintiff from introducing evidence of plaintiff's damages and computations of damages, to the extent such evidence was not produced during discovery. *Id*. at 1.

Specifically, the defendants sought to exclude evidence of plaintiff's damages pursuant to Fed. R. Civ. P. 37 on the grounds that the plaintiff did not respond, or barely responded, to repeated discovery requests seeking both a computation of plaintiff's damages and documents supporting its claimed damages. *Id*. at 2. In support of the motion, the defendants stated

a. that plaintiff failed to timely provide the information in the initial disclosures, and when same were provided six months late plaintiff stated it "will be seeking money damages, interests, and punitive damages in an amount to be determined at trial as plaintiff has not yet completed discovery and need discovery from defendants for its calculations;

b. in response to specific discovery requests for a computation of each category of damages, plaintiff failed to timely respond and then in the response claimed it did not possess documents responsive or would provide them upon receipt, and that plaintiff could not provide an exact amount of the damage or other monetary amounts claimed at this time; and

c. Plaintiff never produced a damages calculation.

*Id*. 3-5.

As a result of the foregoing, the defendants moved to preclude the introduction of evidence relating to damages that defendants clearly requested to the extent it was not produced in discovery. *Id*. The court rejected the plaintiff's argument that its production was sufficient, relying in part upon Fed. R. Civ. P. 37(c)(1), and further, proclaimed that the court would scrutinize any damages award in the case to ensure that it had sufficient foundation in the evidence admitted at trial. *Id*. The court further rejected the plaintiff's argument that the provision of damages calculations in settlement discussion satisfied the discovery obligations, recognizing that the federal rules require specific discovery responses for specific requests, in writing. *Id.* at 7. Ultimately, the court granted the motion, precluding the plaintiff at trial from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery; the court did provide plaintiff a limited opportunity to explain why if not produced during discovery, such non-production was substantially justified and why its late identification is harmless. *Id*. at 8.

Just as in the case of *Richmond*, Plaintiff has repeatedly refused to comply with damages discovery obligations. Notwithstanding interrogatory requests, two (2) requests for production and three (3) days of testimony from corporate representatives, as of the writing of this Motion, Plaintiff has not provided a categorical breakdown of damages or any computations. Defendants have sought damage discovery since February 17, 2016, but still has not received same.

The repeated failures are not substantially justified, and to date, no legally cognizable explanation has been provided as to why the damages calculations have not been provided and are "not final." Further, the continued failure is not harmless. Providing Defendants damage calculations and discovery just days before trial visits incurable prejudice upon the Defendants in

that Defendants have been denied any opportunity to timely investigate the claims, to compile evidence contrary to the assertions of damages, and to otherwise defend against the assertions of damages.

WHEREFORE, the Defendants, CASEY SCHEU, VERONICA SCHEU AND APE.COM, LLC, pray this Honorable Court enters an Order precluding Plaintiff from any reference to, or introducing any evidence of, certain matters at trial regarding damages which were not produced timely during discovery, and for such other and further relief as deemed just and proper.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for the Defendants has made reasonable effort, in writing on July 3, 2017 at 3:55 p.m., to confer with all parties or non-parties who may be affected by the relief sought in the motion to resolve by agreement the issues raised in the motion, but has been unable to do so.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of foregoing was electronically filed using the Court's CM/ECF document filing system and was served via Email Transmission this **3rd** day of **July, 2017** to: Gary Carman, Esq. and Bertila L. Fernandez, Esq., [Gary.carman@gray-robinson.com; Barbara.rodriguez@gray-robinson.com; Bily.fernandez@gray-robinson.com], *Counsel for Plaintiff*, GRAY ROBINSON, P.A., 333 SE 2nd Ave, Suite 3200, Miami, FL  33131.

**HERSHOFF, LUPINO & YAGEL, LLP**
*Attorneys for Defendants, Casey Scheu,*
 *Veronica Scheu & APE.COM, LLC*
90130 Old Highway

            Tavernier, FL 33070
            (305) 852-8440 – Tele / (305) 852-8848 – Fax
            RYagel@HLYlaw.com – Primary
            BrittanyMiller@HLYlaw.com - Secondary
            KFord@HLYlaw.com - Secondary

By: **/s/ Russell A. Yagel**
    RUSSELL A. YAGEL, ESQUIRE
    Florida Bar No. #727090
    BRITTANY N. MILLER, ESQ.
    Florida Bar No. #85174